IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


KAREN MOBLEY                                                          PLAINTIFF

v.                              Civil No. 6:25-CV-06035-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Karen Mobley, brought this civil action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of the Commissioner's final decision denying disability benefits.  (ECF No. 2).

The parties consented to the exercise of jurisdiction by a United States Magistrate Judge for all

purposes in the case pursuant to 28 U.S.C. § 636(c).  (ECF No. 5).  On May 7, 2026, the

undersigned entered final judgment reversing and remanding the matter pursuant to sentence four

of 42 U.S.C. § 405(g).  (ECF No. 23).  Presently before the Court is Plaintiff's Motion for Attorney

Fees Under the Equal Access to Justice Act ("Motion").  (ECF No. 24-26).  The Commissioner

has filed a Response, stating that he does not oppose Plaintiff's Motion.  (ECF No. 27, p. 2).

### Discussion

Plaintiff filed her Motion on July 28, 2026, pursuant to 28 U.S.C. § 2412, the Equal Access

to Justice Act ("EAJA").  She seeks attorney fees and costs in the amount of $7,421.20, which

represents a total of 24.35 hours for attorney work performed in 2025 at the hourly rate of $252.00,

and 5 hours for attorney work performed in 2026 at the hourly rate of $257.00.  (ECF Nos. 24-26).

On May 8, 2026, Defendant filed a response affirmatively stating he has no objection to Plaintiff's

prevailing party status, the issue of substantial justification, or the attorney's itemized request for

a total award of $7,421.20, representing the previously noted hourly work totals and rates. (ECF No. 27, p. 2).

It is the opinion of the undersigned that Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the Commissioner's decision to deny benefits was not substantially justified, the hourly rate requested by Plaintiff's attorney does not exceed the CPI for either year in question, and the asserted time the attorney spent representing Plaintiff before the Court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (reasonableness of award entails consideration of the following factors: the time and labor required; difficulty of questions involved; skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Upon consideration of the foregoing authority and relevant factors, the Court concludes that Plaintiff is entitled to an attorney's fee award under the EAJA in the amount of $7,421.20.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, if Plaintiff has executed a valid assignment to her attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

### Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$7,421.20** for attorney fees pursuant to the EAJA, 28 U.S.C. § 2412.

IT IS SO ORDERED on this 10th day of August 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE